IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MORRIS JOSHUA PETTIGREW, #359809   *
        Plaintiff
        v.                            *   CIVIL ACTION NO. L-10-522

STATE OF MARYLAND                  *
        Defendant

---

MORRIS JOSHUA PETTIGREW, #359809   *
        Plaintiff
        v.                            *   CIVIL ACTION NO. L-10-523

BALTIMORE CITY                    *
        Defendant
                                    ***

## **MEMORANDUM**

On March 3, 2010, the court received for filing two 42 U.S.C. § 1983 civil rights actions submitted by Maryland Division of Correction inmate Morris Joshua Pettigrew (Pettigrew").[1] In both cases Pettigrew complains that he was subject to an illegal arrest in July of 2006 and released five months later. The cases will be consolidated for all purposes.

Although the Complaints provide no particulars regarding the criminal case history, Pettigrew seemingly claims that he was arrested without probable cause for the failure to "register."[2] He alleges that his whereabouts were not adequately investigated or researched. Paper No. 1. Pettigrew claims that he verbally notified the Baltimore City Police Department at the Domestic Violence Unit and Headquarters of his housing situation and the fact that he was homeless due to his eviction. He asserts that upon securing a residence, he went to register "within the period allowed"

---

[1] Pettigrew is confined in the Maryland Division of Correction. He does not discuss why he is currently incarcerated.

[2] The Maryland state court docket shows that Pettigrew pleaded guilty to a sex offense in 2003 and was given a 20-year sentence, with 15 years suspended and five years probation. See

and was then arrested. Pettigrew complains that during his five-month detention he lost his residency, the monies (rent) associated with his tenancy, personal property, and his employment.[3] He appears to seek compensatory damages for lost wages. Pettigrew's consolidated Motion to Proceed In Forma Pauperis shall be granted. His consolidated Complaint shall, however, be dismissed.

Insofar as Pettigrew has raised an allegation of defamation, he has failed to state a claim under § 1983. Injury to reputation alone does not result in a deprivation of a liberty or a property interest protected by the Due Process Clause of the Fourteenth Amendment. See Paul v. Davis, 424 U.S. 693, 703 (1976); see also Siegert v. Gilley, 500 U.S. 226, 233 (1991). An action for damages to reputation "lies...in the tort of defamation, not in 42 U.S.C. § 1983." Fleming v. Dep't of Public Safety, 837 F.2d 401, 409 (9th Cir. 1988). Further, Pettigrew's vague allegations of threats and harassment fail to comprise a claim of constitutional magnitude under the Civil Rights Act.

Finally, Pettigrew's primary § 1983 claim regarding the legality of his arrest in July of 2006, is subject to dismissal under the applicable statute of limitations. When enacting 42 U.S.C. § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. See Burnett v. Grattan, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. Id. at 49; Chardon v. Fumero Soto, 462 U.S. 650, 655-656 (1983); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of

---

http://casesearch.courts.state.md.us. Pettigrew is presumably claiming that in 2006, he was charged as a sex offender who had failed to register his change of address.

[3] Although it is not clear from the consolidated Complaint, Pettigrew appears to allege that he was subject to harassment and defamatory conduct, and received unspecified threatening letters beginning in February of 2006 and continuing after his release.

enforcement embodied in the state cause of action." Wilson v. Garcia, 471 U.S. 261, 271 (1985). Upon review of Maryland's limitations provisions, Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. See Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. See Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). The running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. Id. Here, Pettigrew at the latest should have known of his alleged constitutional injuries in December of 2006, when he was released following his alleged illegal arrest and detention. Because he failed to file the instant Complaint within the three-year limitation period, it is clear that he is now barred from consideration of his claims.

A separate Order follows.

March 11, 2010

/s/

Benson Everett Legg
United States District Judge